CHEATHAM COUNTY *et al. v.* R. H. BAKER, COMMISSIONER.

*(Nashville,* December Term, 1929.)

Opinion filed July 19, 1930.

S. A. MARABLE, P. H. DUKE and W. P. COOPER, for complainant, appellant.

L. D. SMITH, Attorney-General, R. E. MAIDEN and T. P. HENDERSON, Assistant Attorneys-General, for defendant, appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The appeal of Cheatham County and individual taxpayers, who joined the county as complainants after the filing of the original bill, is from the action of the chancellor in dismissing their "amended and supplemental bill," on the demurrer of the defendant, the Commissioner of Highways and Public Works for Tennessee. The decree appealed from did not affect the original bill of the complainant, Cheatham County, nor directly modify the temporary injunction issued thereunder, which is still in force.

Cheatham County lies almost wholly between Montgomery and Davidson Counties. A straight line, drawn from Nashville, the county seat of Davidson County, to

Clarksville, the county seat of Montgomery County, would pass very close to Ashland City, the county seat of Cheatham County. For many years the most direct roadway from Nashville to Clarksville passed through Ashland City, and this road, under the designation State Highway No. 12, was adopted and made a part of the state highway system by one of the predecessors in office of the present defendant.

The original bill, filed by Cheatham County alone, in October, 1928, averred that the then Commissioner of Highways was proposing to construct a new highway from Nashville to Clarksville, which would touch Cheatham County along its northeastern border, missing Ashland City by about eight miles, and that bids for the construction of a part of this new highway were about to be received. It was averred that the construction of this new highway would be in excess of the power of the Commissioner of Highways, and an abuse of his power, in that it would remove and destroy the existing highway connection of Ashland City with the county seats of Montgomery and Davidson Counties.

A temporary injunction was issued under the original bill, restraining the Commissioner from awarding a contract for the construction of any portion of the proposed new highway; from abandoning the existing route of State Highway No. 12 from Nashville, via Ashland City, to Clarksville; and "from abandoning the present State Highway running from Nashville via Ashland City to Clarksville, and from withdrawing this road from the present state system of highways," etc.

An answer to the original bill was filed by the then Commissioner of Highways on February 27, 1929. His successor in office, the present Commissioner, filed a supplemental answer on January 24, 1930, and then

moved to dissolve the temporary injunction. Action on this motion was withheld by the chancellor in order that complainant might have time to prepare and file its amended and supplemental bill, which was filed on February 13, 1930.

The motion to dissolve the temporary injunction was not renewed after the filing of the amended and supplemental bill, but a demurrer to that pleading was interposed on February 19th, and on April 18th, this demurrer was sustained, and the amended and supplemental bill dismissed.

The decree of the chancellor, entered April 18, 1930, recites that the injunction granted under the original bill involves only the "abandonment and removal and the relocation and reconstruction of Highway No. 12," and that since the Commissioner in his answer avers that he has no such intention, the injunction "does not prohibit the defendant R. H. Baker, Commissioner, from constructing State Highway No. 112," etc.

It was further decreed by the chancellor that the Commissioner "has the legal right to locate and construct an entirely new highway from Nashville to Clarksville, and to designate same as State Highway No. 112, before reconstructing State Highway No. 12 from Nashville to Clarksville, via Ashland City, and that the amended and supplemental bill does not allege facts which amount to such fraud on the part of said Commissioner, or to such abuse of discretion, as would justify the Court in interfering with his discretion in the time of location and construction, and in the location and construction of State Highway No. 112."

Appropriate assignments of error are directed to each of the conclusions of the chancellor quoted from his de-

cree, and to his action in dismissing the amended and supplemental bill.

The amended and supplemental bill charges that State Highway No. 112 is but a new name or designation for the proposed new highway described in the original bill as a relocation of State Highway No. 12; and that although the present Commissioner has declared it to be his purpose not to abandon the present highway No. 12 as a part of the State Highway system, this assurance, together with the change in the number or designation of the proposed new road, is "a palpable subterfuge that is resorted to for the purpose of concealing and covering up the real purpose, intent and force of his act, that is to relocate, remove and build with a standard hard surface road State Highway No. 12 on the proposed new route and abandon both the present road and route of State Highway No. 12."

The amended and supplemental bill includes as an exhibit a letter from the Commissioner of Highways to the County Judge of Cheatham County, dated September 24, 1929, in which the Commissioner states that he is in "thorough sympathy" with the desire to "construct the trunk line Nashville to Clarksville highway, via Ashland City," and that he had had "a thorough investigation made of all practical locations." The Commissioner then stated his conclusions to be that the new route would result in a saving of distance of from 3.21 miles to 6.89 miles, and a reduction in grading and drainage cost of from $1,696,000 on one survey, and $1,062,000 on another, to $613,000. The Commissioner then said: "Our analysis of the above costs and distances forces on us the conclusion that this trunk line highway should be located as originally intended; namely via Pleasant View."

The bill charges that the Commissioner's estimate of the saving of distance and cost was by him based upon an alleged survey of the Ashland City route by Engineer C. R. Watkins; and it is specifically averred that Watkins made no survey except to measure the existing roadway with only two deviations. As to these two deviations, the bill avers: "Complainant charges that both of these deviations were well known to be not feasible for highway construction, both on account of added distance and the rough terrain over which they were made, and complainant charges that they were so made deliberately with the wrongful intent and purpose of making a bad showing and making it appear that said route No. 12 was an improper and unfit route for the construction of the proposed hard surface highway."

On October 12, 1929, the county notified the Commissioner that it would employ a competent engineer to locate a new road, via Ashland City, and invited the Commissioner to verify the survey by having an engineer in his employ attend it. In reply, the Commissioner stated that the county had been misled as to the nature of the survey his department had made, and concluded:

"In view of the fact that our location work along the present State Highway No. 12 was carefully handled by our Mr. C. R. Watkins, who is a thoroughly competent locating engineer, and that our estimates of cost were based upon his findings and that his findings were accepted by this Department as being approximately correct, I do not see the necessity for an additional survey or for the delays incident to an additional survey, which is suggested by the last paragraph on page two of your letter."

After quoting the foregoing excerpt from the Commissioner's letter, the bill "charges and alleges that no

such location survey was made by Mr. Watkins or any one else.'' And it is further charged, ''that said act of said Commissioner in refusing to make such location survey was a wilful neglect of duty and a deliberate and determined refusal to perform a duty incumbent upon his office as Commissioner of Highways.''

The bill further avers that the survey caused to be made by complainants had been completed, and that it showed a route from Nashville to Clarksville, via Ashland City, ninety-three hundredths of a mile shorter than the proposed route No. 112, and that a highway over this route ''can be constructed at a fair and reasonable cost, a cost in just and equitable proportion to the cost of constructing other highways of similar character and type elsewhere in the State.'' It is averred that the Commissioner unfairly and wrongfully refused to delay his decision until the completion of this survey; ''and well knowing that it would explode and demolish every reason theretofore assigned for his action, he sought by bringing on a hearing of his motion to dissolve the injunction in this case, to have the matter determined in his favor before that survey could be completed and produced to show that all the causes he attempted to put forward for his course of action were groundless and untrue.''

It is elsewhere averred in the amended and supplemental bill that no location survey has ever been made by the State Department of Highways of the route of highway No. 12, and that: ''The relocation of said road on the route now named No. 112, was made by the Highway Commissioner, without the comparison of such a location survey and without any competent and honest effort to ascertain if such a location could be found suitable for

the relocation of said road on its present route and meeting the demands of its control points."

Since the decree of the chancellor was rendered on defendant's demurrer, we have not referred to the statements of fact contained in the answer filed to the original bill. We know of no rule of practice which would authorize the consideration of facts so pleaded in aid of a demurrer. A demurrer can only be tested on the assumption that all statements of facts in the bill are true; and "every reasonable presumption must be made in favor of the bill." *Green* v. *Bank*, 133 Tenn., 609, 628; *Title Guaranty & Trust Co.* v. *Bushnell*, 143 Tenn., 681, 688; *McFarland* v. *Mass. Bonding & Ins. Co.*, 157 Tenn., 254, 260.

The statute of 1919, chapter 149, creating and establishing the State Department of Highways, now presided over by the Commissioner of Highways and Public Works instead of the Commission therein referred to, contains the following sections:

"SEC. 7. *Be it further enacted,* That the State Highway Commission is given the power to proceed to designate main traveled roads with a view of connecting all county seats, and also to designate other main traveled roads, which are deemed of sufficient importance to be included in the general highway plan of the State and receive for their construction and improvement financial aid under the provisions of this Act.

"SEC. 8. *Be it further enacted,* That all counties of the State desiring to participate in the expenditure of the funds of the State Highway Department, which shall comply with the requirements of the law and the rules and regulations of the State Highway Commission, shall have the right to participate in said fund and be aided in the construction or reconstruction of roads and bridges

therein and the maintenance thereof, if in the discretion of the State Highway Commission the same is deemed advisable."

A definite purpose expressed in section seven is to connect "all county seats" with improved roads as a part of a general highway plan for the State. And by section eight all counties are given a right to participate in the expenditure of state highway funds; that is, to have such funds expended on roads and bridges within their territorial limits, to the extent that such expenditure "shall be deemed advisable" by the Commissioner. This legislative provision contemplates and requires the exercise of a sound and reasonable discretion by the Commissioner, both in the location of highways and in the determination and allocation of the sums to be expended upon them. And the necessary implication of the language of section seven is that, in the exercise of his discretion, the Commissioner shall have regard for the declared legislative purpose that the general highway plan of the State shall be designated and constructed "with a view of connecting all county seats."

A decision of the Commissioner to locate or construct a particular highway, reached in the reasonable exercise of this discretion, is not subject to judicial review, under well settled and elemental principles. *Williamson County* v. *Turnpike Company,* 143 Tenn., 628.

The theory of the original bill, as well as that of the amended and supplemental bill, is that the construction of a new highway from Nashville to Clarksville on the route of the proposed Highway No. 112, will be a practical abandonment of Route No. 12 connecting the county seat of Cheatham County with the county seats of the adjoining counties of Montgomery and Davidson; and that the construction of Highway No. 112 will render it im-

possible from a practical standpoint for the Department of Highways to construct a highway of modern and standard specifications from Ashland City to Clarksville and Nashville.

We think the facts pleaded support and sustain this theory. The Commissioner stated his "thorough sympathy" with the desire to have the highway constructed through Ashland City, and rested his decision against it upon the practical difficulties and expense of such a highway. In view of his announced conclusion that the expense is prohibitive, his assurance that Route No. 12 will not be abandoned, but will be maintained at state expense as a part of the state highway plan, can only mean that the present road will be retained in substantially its present condition, and not that it will be converted into a highway such as is contemplated by the highway laws as they have been administered during the past decade. And if the difference in the cost of the two highways, as estimated by the Commissioner, is such as to require the construction of No. 112 in preference to No. 12, it is obviously a necessary inference that the cost of constructing both will be prohibitive. The averments of the amended and supplemental bill therefore support the conclusion of the complainants that the construction of Highway No. 112 will mark the abandonment by the Department of Highways of Route No. 12 as an inter-county-seat highway route, and will relegate it to the class of an improved county road of secondary importance. It is shown on the face of the bill that the present road is narrow and crooked, with ten crossings of a railroad, and is altogether unsuited to modern automobile travel.

The original bill avers in express terms "that said project (the construction of a highway on the proposed Route No. 112) undertakes to destroy two county seat

roads already existing and established as a part of the State System of Roads . . . and is therefore beyond the powers of defendant and his office." The injunction, issued pursuant to a prayer that the Commissioner be enjoined from letting a contract "to build any part of said highway No. 12 on the relocated route," is in the words of the prayer. We are, therefore, unable to agree with the chancellor's decree that the injunction does not prohibit the Commissioner "from constructing State Highway No. 112, and from using funds of the State Highway Department in the construction thereof."

Under the terms of the highway statute of 1919, chapter 149, Cheatham County is entitled as a matter of right to have its county seat connected with the county seats of adjoining counties with highways conforming to the general highway plan of the State, whenever "in the discretion of the State Highway Commission (Commissioner) the same is deemed advisable." In the exercise of such discretion, the county is entitled to have the Commissioner consider and weigh fairly all the available information and data as to feasibility of route, cost, and availability of funds, etc. And if by a gross or palpable abuse of discretion, or a failure to exercise it, the county is deprived of this right, it may rightfully resort to the courts for redress. *Insurance Co.* v. *Craig,* 106 Tenn., 621, 642; *Department of Highways* v. *Stepp,* 150 Tenn., 682, 688; *Parks* v. *Margrave,* 157 Tenn., 316, 324. A decision by the Commissioner to construct a parallel road, which would effectively destroy the county's right to have its county seat connected with adjoining counties, reached without a fair and reasonable investigation of feasible routes which would meet the declared purpose of the highway statute, as hereinabove construed, would be a gross or palpable abuse of discretion, and in fact a

failure to exercise discretion, amounting to an arbitrary and capricious exercise of power.

The bill avers that the Commissioner has determined that the construction of a highway connecting Ashland City with the county seats of the two adjoining counties is not advisable, "without any competent and honest effort to ascertain" if a suitable location can be found for such a highway; that his conclusion, determined by considerations of distance and cost, was rested upon a survey which was no more than a measurement of the existing roadway, known to be unsuitable, with two deviations at points and places known to be unfit for highway construction, and that these deviations were "made deliberately with the wrongful intent and purpose of making a bad showing and making it appear that said route was an improper and unfit route for the construction of the proposed hard surface highway." It is then charged that the Commissioner refused to have a representative attend a survey made for Cheatham County by a competent engineer, to locate a suitable route via Ashland City, and that, after this cause had been dormant from February 27, 1929, until January 24, 1930, the Commissioner filed his amended answer to the original bill, and moved to dissolve the injunction, without waiting for the completion of complainant's survey, "well knowing that it would explode and demolish every reason theretofore assigned for his action." The bill further avers that complainant's survey, when completed, disclosed a practicable route for the highway from Clarksville to Nashville, via Ashland City, of slightly less distance than the proposed Route No. 112; and the bill draws the reasonable inference from the facts pleaded that the construction of Highway No. 112 will deprive Ashland City of an improved highway over Route No. 12.

These averments of fact show, at least, that the County of Cheatham is about to be deprived of substantial rights, conferred upon it by statute, without a fair or adequate consideration by the Commissioner of Highways of the facts involved. We are persuaded that the Commissioner should be required to answer the amended and supplemental bill, to the end that it may be determined upon evidence whether he has acted in the reasonable exercise of the discretion vested in him. If not, the injunction now in force should be continued until the rights of Cheatham County shall have been fairly considered and weighed by the Commissioner.

The decree of the chancellor sustaining the demurrer to the amended and supplemental bill will be reversed, and the cause will be remanded to the chancery court for further proceedings. Costs of the appeal are adjudged against the defendant, appellee.