ROBERTSON, SUPERINTENDENT OF BANKS, *v.* DAVIS *et al.*

*(Nashville,* December Term, 1935.)

Opinion filed on February 15, 1936.

R. L. Forrester, of Watertown, L. H. Walker and W. R. Chambers, both of Lebanon, and Harry Phillips, of Watertown, for appellants.

C. C. Davis, of Watertown, and Jos. Higgins and Larkin Crouch, both of Nashville, for appellee.

Mr. Special Justice Smith delivered the opinion of the Court.

Pursuant to an order of the court below in which the affairs of the Citizens' Bank of Watertown, Tenn., are n process of liquidation, Robertson, as superintendent ᴏf banks of the state of Tennessee under the Banking Act of 1913 (chapter 20), as amended, and also as the duly appointed, qualified, and acting receiver of the bank, filed the bill in this cause, for the use of the depositors and unsecured creditors of the bank, against Davis and seven others as directors of the bank, on the ground that the directors had so fraudulently and willfully manipulated and dissipated the assets of the bank as to render them liable to the receiver for the amounts alleged to have been so wrongfully and fraudulently misappropriated.

The bill averred that the Citizens' Bank had an authorized capital stock of $19,000, one hundred and eighty shares of a total of one hundred and ninety shares being owned by the defendants, and that they, as such majority stockholders controlled and dominated the affairs of the Citizens' Bank, and that on September 25, 1928,

the bank was a solvent going concern with resources amounting to $150,025.20.

After stating the figures showing the financial condition of the bank on September 25, 1928, the bill alleged that a proper administration of its affairs would have resulted in the full payment to all of the depositors and unsecured creditors, with a substantial balance available for its stockholders.

It was further alleged that on September 25, 1928, and for many years prior thereto, the Bank of Watertown had been doing a general banking business in Watertown, Tenn., and that for years prior to that date its financial condition was so unstable as to cause the state superintendent of banks in 1921 to require it to execute a bond in the sum of $75,000 to secure its depositors and unsecured creditors, as a condition of its being allowed to continue its business; that the financial condition of the Bank of Watertown was generally known throughout the entire section, and that the defendants knew, or in the exercise of ordinary care should have known, of such condition, but, notwithstanding this fact, the defendants, as directors of the Citizens' Bank, on September 25, 1928, without any excuse except for the purpose of realizing 50 cents on the dollar in cash upon their stock, which sum was realized by the defendants on their stock in the Citizens' Bank, who thus, under the guise of selling the cash assets and real property of the Citizens' Bank to the insolvent Bank of Watertown and without demanding or receiving any protection, guaranty, or security to make certain the payment of the depositors and unsecured creditors of the Citizens' Bank, did, on September 25, 1928, pass a resolution purporting to sell the entire assets of the Citizens' Bank, amounting

to $150,025.20, to the Bank of Watertown for the sum of $9,500 and the promise of the said insolvent Bank of Watertown to pay and liquidate all liabilities of the Citizens' Bank.

The bill further alleged that the action thus taken by the defendants was without regard of the rights of the depositors ,and unsecured creditors of the bank and in violation of the statute of the state of Tennessee relating to the sale and consolidation of banks (Code, sec. 6028) ; that the resolution of the directors of the Citizens' Bank was adopted on the night of September 25, 1928, and by virtue of this resolution all of the cash assets of the Citizens' Bank and possession and control of its real estate passed to the insolvent Bank of Watertown.

The bill further alleged that this unlawful transaction was committed by the defendants, who owned the majority of the stock of the bank and were its directors, for the purpose of effecting a sale of their stock in the Citizens' Bank, and realizing 50 cents on the dollar on each share of stock so held.

It was charged that the letter of September 26, 1928, addressed to the stockholders, depositors, and unsecured creditors of the Citizens' Bank was a studious effort on the part of the defendants to conceal the truth of their unlawful conduct in surrendering the assets of the bank from its unsuspecting creditors and depositors, and that the defendants negligently surrendered said assets without taking a detailed inventory thereof, so as to preserve their identity, and without a careful examination or inspection of the books and records of the Bank of Watertown, and without making a proper effort to determine its solvency or insolvency, and that this illegal sale and transfer of the assets of the Citizens'

Bank of the estimated value of $150,025.20 was made at a time when the actual cash assets of the Bank of Watertown were only $5,211.47, including demand items due from other banks, and by so doing the defendants were guilty of willful misconduct and gross negligence as directors of the Citizens' Bank, and were guilty of a gross violation of their duties, as directors, to preserve and protect the assets of the bank.

It was further alleged that the assets of the Citizens' Bank were received by the Bank of Watertown, and converted to its own uses and purposes, and that the Bank of Watertown continued to operate until November 5, 1928, when by proper resolution of its directors all of the assets of both banks were surrendered to the superintendent of banks of the state of Tennessee, who was by the court duly appointed receiver and took charge of the assets of both of said banks; that for the period between September 25, 1928, and November 5, 1928, the assets of the Citizens' Bank were converted by the Bank of Watertown to the amount of $28,334.52 without considering any loss on any item of the transfer, which conversion included all of the cash assets delivered to and belonging to the Citizens' Bank, and that said loss so sustained by the Citizens' Bank was the direct result of the willful negligence and fraudulent act of the defendants, to the detriment and financial loss of the depositors and unsecured creditors of the Citizens' Bank; that notwithstanding that the liquidation of both banks has been in progress since November 12, 1928, and that practically all of the assets of the Citizens' Bank have been reduced to cash, its total available assets amount to $26,696.41, that its liability due to depositors amounts to the sum of $39,875.85 and some $40,000 additional claims

of other depositors whose rights to dividends are yet to be determined, the condition of its affairs is such as to render it insolvent, and that, when all of its assets have been reduced to cash and all bona fide creditors are determined, there will still exist a deficit fairly estimated of approximately $20,000 or more; that it was impossible, at the time the bill was filed on September 24, 1934, to determine what the net deficit would be, but that it was necessary, in order to protect the rights of the unsecured creditors, that the bill be filed, to the end that sums alleged to be due by the defendants to the bank may be recovered.

(1) The bill prayed that, as the assets of the Bank of Watertown and the Citizens' Bank had been so blended by the illegal action of the directors of the Citizens' Bank in selling its assets to the Bank of Watertown on September 25, 1928, that a reference be ordered by the court to segregate the assets of the Citizens' Bank from the assets of the Bank of Watertown; and (2) that on final hearing a decree be rendered, holding the defendants jointly and severally liable by reason of their grossly negligent and maliciously fraudulent conduct in delivering to the insolvent Bank of Watertown all of the cash assets of the Citizens' Bank and in delivering into the possession of the Bank of Watertown all real estate of the Citizens' Bank, without taking any steps to safeguard the interests of the unsecured creditors of the Citizens' Bank; and (3) that a decree be rendered holding the defendants jointly and severally liable for the amount of the loss which the proof may reveal has been suffered by the action of the defendants specified in the bill, and, further, that a decree be rendered primarily against each of the defendants and secondarily against

all of the others for the moneys respectively received by them for their stock in the Citizens' Bank, which was paid for at the rate of $50 a share on September 25, 1928, out of the depleted cash balance of the Bank of Watertown, or out of the assets of the Citizens' Bank, which the defendants in violation of their contractual obligation to the Citizens' Bank fraudulently transferred to the Bank of Watertown.

Counsel for the appellants, conceiving that the bill was based on Code, section 5927, filed a demurrer, which the chancellor overruled, and in his discretion allowed an appeal to this court, and here thirteen errors are assigned.

The sole question to be determined is whether or not counsel for the appellants are correct in their assumption that the bill is based exclusively on the section above cited, for, if they are mistaken in this assumption, the chancellor clearly was correct in overruling the demurrer.

The section invoked on behalf of the appellants often has been construed by this court. So far as relevant here, the above-cited section provides that: "And if any director or directors of any such bank shall be guilty of any fraud or willful mismanagement of the affairs of such bank, by which any loss shall be occasioned to its creditors, such director or directors, upon legal ascertainment of the fact, shall be individually liable for such loss."

It has been uniformly held by this court that, if a creditor's suit is based on this statute, the action is one of tort, and that the declaration must aver intentional fraud and willful mismanagement, as an allegation of lack of due and ordinary care is insufficient to

668

make out a case under the statute. *Minton* v. *Stahlman*, 96 Tenn., 98, 34 S. W., 222; *Deaderick* v. *Bank of Commerce*, 100 Tenn., 457, 45 S. W., 786; *Jones* v. *First State Bank*, 158 Tenn., 356, 13 S. W. (2d), 326.

In *Minton* v. *Stahlman, supra,* it was held that a different rule would prevail in suits by and for the corporation brought in a court of equity, and such undoubtedly is the law. *Wallace* v. *Lincoln Savings Bank*, 89 Tenn., 630, 652, 15 S. W., 448, 24 Am. St. Rep., 625; *Green* v. *Officers, etc.*, 133 Tenn., 609, 182 S. W., 244.

In *Wallace* v. *Lincoln Savings Bank*, 89 Tenn., 630, 648, 15 S. W., 448, 453, 24 Am. St. Rep., 625, in defining the relation of directors to the corporation, it was said: "Directors are not express trustees. The language of Special Judge INGERSOL in *Shea* v. *Mabry*, 1 Lea, 319, that 'directors are trustees,' etc., is rhetorically sound, but technically inexact. It is a statement often found in opinions, but is true only to a limited extent. They are mandatories. They are agents. They are trustees in the sense that every agent is a trustee for his principal, and bound to exercise diligence and good faith. They do not hold the legal title, and more often than otherwise are not the officers of the corporation having possession of the corporate property. They are equally interested with those they represent. They more nearly represent the managing partners in a business firm than a technical trustee. At most, they are implied trustees, in whose favor the statutes of limitations do run. *Hughes* v. *Brown*, 88 Tenn., 578, 13 S. W., 286 [8 L. R. A., 480]; *Spering's Appeal*, 71 Pa., 11 [10 Am. Rep., 684]; Mor. Priv. Corp., sec. 516."

As has been observed, the bill in the instant case at several places charges that the defendants, as directors

of the Citizens' Bank, failed to use ordinary and reasonable care in conserving its assets.

As the law fixes the relation of directors to the corporation as one requiring them to use reasonable diligence and care by virtue of the contract imposed upon them by law when they accept the office of director, the allegations of the bill, that they were guilty of gross negligence and willful and fraudulent mismanagement of the bank's affairs, are quite unusual, if not inapplicable to a bill of the corporation or its receiver, and generally apply only in a suit filed directly by creditors themselves. Such allegations cannot change the controlling fact that the present bill was filed pursuant to an order of the chancellor made in an insolvency proceeding instituted in his court by the receiver of the Citizens' Bank for the purpose of winding up the corporation.

The bill, in its essential nature, is one filed by the corporation to hold its directors liable. *Wallace* v. *Lincoln Savings Bank,* 89 Tenn., 630, 634, 635, 15 S. W., 448, 24 Am. St. Rep., 625. All foreign matter in it must be disregarded.

In *Green* v. *Officers, etc.,* 133 Tenn., 609, 619, 621, 623, 182 S. W., 244, 247, which was a suit brought by the receiver for the benefit of stockholders and creditors of an insolvent bank, in reply to the contention that, as the bill alleged willful and wanton misconduct and fraudulent mismanagement on the part of the directors, the suit was based on section 3242 of Shannon's Code (section 5927, Code 1932), the court said: "It is insisted for defendants that the bill is substantially one filed by creditors and stockholders as such to enforce their respective rights against the directors; that the right of

action of the former is *ex delicto,* depending on proof of 'intentional fraud or willful mismanagement,' while the latter is based on contract, and may be sustained by proof merely of gross negligence. As we have previously indicated, the suit is in legal effect an action by the corporation itself. There is only one complainant, the receiver of the corporation."

After reciting numerous allegations of the bill which charged fraud and willful mismanagement, the court said: "The foregoing constitute sufficient allegations of negligence on the part of the directors to justify overruling the demurrer. *State* v. *Standard Oil Co.,* 120 Tenn., 86, 108, 110 S. W., 565; *Wallace* v. *Lincoln Savings Bank,* 89 Tenn., 630, 652, 653, 15 S. W., 448, 24 Am. St. Rep., 625; 10 Cyc., 831, 832, 833. To make a case against the directors it was unnecessary to allege that they were guilty of fraud and willful mismanagement, though surely they would be liable to the corporation for injury to its assets or business caused by such conduct on their part; the allegation of negligence was enough, still, if there were facts showing fraud and willful mismanagement causing injury, it was proper that such matters should be likewise presented in the bill."

After quoting sections 2067, 2068, and 3242 of Shannon's Code, the last of which only is material here, the court said:

"But without regard to the statutes referred to, and without dependence on them, we repeat, the corporation itself would under the common law have the right to redress for any injuries inflicted upon it by any of the acts denounced by these statutes.

"Therefore the allegations of 'fraud and willful mismanagement,' along with the allegations of negligence,

do not make the bill a direct proceeding by creditors and stockholders, or by either. Indeed, the origin of the bill was such as necessarily to make it a bill by the corporation through its receiver, its filing having been directed by the chancellor in the insolvency proceeding in which the receiver was appointed.''

As Robertson was appointed by the chancellor as receiver of the Citizens' Bank by virtue of Code, section 5969, he had all the powers of any other receiver appointed by a court of equity in administering the affairs of an insolvent corporation, such as the bill alleges the Citizens' Bank was, at the date of his appointment, and, as the chancellor, by his indorsement on the bill, directed the receiver to file it, the mere fact that the bill alleges that it was filed ''for the use of the depositors and unsecured creditors of said Citizens' Bank'' is surplusage, as, under elementary principles governing equity receiverships, the receiver, in filing the bill, represented the insolvent bank, and any recovery, which may be obtained as a result of this litigation will inure to the bank alone, and the proceeds of such recovery will be distributed by the receiver of the bank under such orders as the court may see fit to enter. *Maryland Casualty Co. v. McConnell*, 148 Tenn., 656, 257 S. W., 410.

.Having determined that, pursuant to the order of the court below, the bill, filed by the receiver, was a bill in equity for the benefit of the Citizens' Bank, and was not based on Code, section 5927, but, on the contrary, was based on the violation of a contractual relation imposed by law on the defendants as directors of the bank, the various grounds of the demurrer now will be considered.

*(3)* The grounds of demurrer to the effect that no creditor or depositor was named as a party complainant

is bad because, as the suit was one filed in a court of chancery by its duly authorized receiver as representing the insolvent bank, it was unnecessary to name any creditor or depositor or indeed the bank itself, as the receiver was the representative of the bank, and any recovery that he might obtain would, of course, inure to the bank.

As it has been held that the court below had jurisdiction of the subject-matter of the suit and authorized the receiver of the Citizens' Bank to file the bill in this cause, the fact that there was no legal merger or consolidation of the Citizens' Bank with the Bank of Watertown is immaterial, as the bill alleged that the assets of the Citizens' Bank were so blended with the assets of the Bank of Watertown as to make it necessary for a receiver to be appointed for the Citizens' Bank to the end that he might segregate, so far as possible, the assets of the two banks, and thereby determine the responsibility of the directors of the Citizens' Bank to respond for any damages occasioned by their neglect of duty as directors of that bank.

Plainly it was not required that the Citizens' Bank should be made a party complainant, as the bill alleged that Robertson was the duly appointed and acting receiver of the bank, and, as a consequence, joining the Citizens' Bank as a party complainant was unnecessary.

So far as the ground of demurrer based on laches is concerned, it must be remembered that this defense is a branch of the law of equitable estoppel, and also that it is not mere delay, but delay of a character which materially and prejudicially affects the rights of a defendant. *Parker* v. *Bethel Hotel Co.,* 96 Tenn., 252, 286, 34 S. W., 209, 31 L. R. A., 706.

In *Prewitt* v. *Bunch,* 101 Tenn., 723, 742, 50 S., W., 748, 753, the court said: "In *Parker* v. *Bethel Hotel Co.,* 96 Tenn., 252, 34 S. W., 209 [31 L. R. A., 706], this court quotes with approval the case of *Tazewell's Ex'r* v. *Saunders' Ex'r,* 13 Grat. (Va.), 354, holding 'laches must be such as to afford a reasonable presumption of the satisfaction or abandonment of any claim.' This, in our opinion, is the true foundation of the doctrine of laches,—a presumption that arises, through lapse of time or conduct of parties, that the claim has been satisfied or abandoned."

As the bill does not allege any facts showing that the receiver was guilty of laches as above defined, this ground of demurrer must be overruled, and it might also be overruled on the ground that it is argumentative and verges on being a speaking demurrer.

The alleged acquiescence by the creditors and depositors, also made a ground of demurrer, is bad, because, as the bill is one brought by the receiver for the benefit of the bank, any alleged acquiescence by creditors and depositors could not affect the right of the bank to maintain the bill through its receiver.

The grounds of the demurrer based on the one and three year statutes of limitations (Code 1932, secs. 8595, 8598) are without merit, as the bill alleges a breach of contractual relation imposed by law on the defendants as directors of the insolvent Citizens' Bank, and consequently the six-year statute of limitations (Code 1932, sec. 8600) is the applicable one. *Wallace* v. *Lincoln Savings Bank,* 89 Tenn., 630, 648-650, 15 S. W., 448, 24 Am. St. Rep., 625.

The ground of demurrer to the effect that the bill alleged mere negligence and nonperformance of the

contractual duty by the defendants without alleging willful or intentional wrongdoing on their part is without merit, as under the holding in *Green* v. *Officers, etc.*, 133 Tenn., 609, 621, 622, 182 S. W., 244, it is only necessary to allege ordinary negligence, as does the bill in the instant case, but allegations of willful or intentional wrongdoing on the part of the directors, while superfluous, do not render the bill defective, but, if they exist, allegations to such effect may be made.

Seemingly this ground of demurrer proceeds on the assumption that the bill was based on Code, section 5927, a contention, which, in a previous part of this opinion, has been decided adversely to the appellants.

Another ground of the demurrer is to the effect that the bill does not allege that any of the parties, for whose use the suit was brought, had sustained any pecuniary loss by reason of the alleged sale and transfer of the assets of the Citizens' Bank to the Bank of Watertown, and that there was no allegation that the fact of financial loss had been legally ascertained prior to the institution of the suit, and no definite amount of loss was alleged.

Obviously, this ground of the demurrer was based on the conception that the suit, in effect, was one for the depositors and unsecured creditors of the Citizens' Bank, or, in other words, that it was based on Code, section 5927, and that consequently, until the final liquidation of the Citizens' Bank had been accomplished, the bill could not be brought against the directors, as Code, section 5927, so it is contended, provide for a recovery by depositors against directors only upon the ascertainment of the fact that the depositors will suffer a loss.

As has been stated several times before, the bill was

not based on such section, but was a typical bill of equity receivership, based on Code, section 5969, the purpose of which was to recover for the corporation sums alleged to have been lost to it through the negligent breach of duty of its directors.

Of course, Robertson, in his capacity as superintendent of banks and chancery receiver of the failed bank, was acting as a representative of the bank, and did not, therefore, have to have any pecuniary interest in the recovery, or the title to the assets of the bank, as such assets continued to be the property of the bank until, under proper orders and decrees of the court, they were distributed to the parties to whom, under the law, they properly belonged.

Other grounds of demurrer are to the effect that the court below did not have jurisdiction of the subject-matter of the suit, and consequently any purported appointment of Robertson as receiver of the Citizens' Bank did not confer upon him, as such receiver, the right to file the bill.

Again, it must be assumed that counsel for the appellants are laboring under a misconception as to the character of the suit and are clinging to their insistence that, as the bill was based exclusively on Code, section 5927, the court below was without jurisdiction of the subject-matter.

As this contention has heretofore been held erroneous and the conclusion reached that the court did have jurisdiction of the subject-matter, the appellants can neither attack the appointment of Robertson as receiver of the Citizens' Bank nor the validity of the order of the court below in directing him to file the bill in this cause. *Robertson* v. *Citizens' Bank of Watertown et al.,*

168 Tenn., 230, 236, 77 S. W. (2d), 62, 64, wherein it was said: "Where the court appointing a receiver has jurisdiction of the subject-matter and of the parties, a collateral attack upon the appointment of a receiver, or a collateral attack questioning the power conferred upon the receiver, will not be entertained. *Slaughter* v. *Louisville & N. R. Co.*, 125 Tenn., 292, 143 S. W., 603. Such appears to be the universal rule. 53 C. J., 82."

A further ground of demurrer is to the effect that the bill was filed prematurely. It does not clearly appear whether this ground is based on Code, section 5927, or on general principles of equity applicable in receivership suits. If based on the statute, it is not well taken, and, if based on the alternative assumption, it is bad, as it is well settled that a chancellor is vested with discretionary power, as to when he should direct a receiver to file a bill of this character against directors of an insolvent corporation. It is peculiarly within his knowledge and that of his receiver when such a suit should be brought, and certainly no arbitrary exercise of his discretion is disclosed in the instant case.

As the bill fairly discloses that it was based on the alleged negligence of the appellants as directors in failing to use ordinary reasonable care in the discharge of their duties and that the language of the bill referring to their conduct in some instances as being a "wilful and fraudulent mismanagement of the bank's affairs" has been held superfluous, the amendment to the bill, made on March 23, 1935, was unnecessary, and consequently the ground of demurrer attacking the validity of the amendment is devoid of merit.

The last ground of the demurrer is to the effect that it was error for the chancellor to overrule the de-

murrer and require the appellants to answer the original bill. Manifestly this ground is general and not special, and cannot, therefore, be considered by the court.

 It is a settled rule of practice that, when a bill is challenged by a demurrer, every reasonable presumption must be made in favor of the bill. *State* v. *Standard Oil Co.*, 120 Tenn., 86, 110 S. W., 565; *Adams* v. *Chattanooga Co.*, 128 Tenn., 505, 519, 161 S. W., 1131; *Green* v. *Officers, etc.*, 133 Tenn., 609, 182 S. W., 244; *Title Guaranty & Trust Co.* v. *Bushnell*, 143 Tenn., 681, 688, 228 S. W., 699, 12 A. L. R., 1512; *McFarland* v. *Massachusetts Bonding & Ins. Co.*, 157 Tenn., 254, 260, 8 S. W. (2d), 369, 64 A. L. R., 962; *Cheatham County* v. *Baker*, 161 Tenn., 222, 230, 30 S. W. (2d), 234.

Tested by this rule, the bill contains sufficient equity to justify the chancellor in overruling the demurrer.

The decree of the chancellor is accordingly affirmed, and the cause recommended to the court below for further proceedings, not inconsistent with this opinion. The appellants will pay the costs.