Green, J.
delivered the opinion of the court.
Thomas Washburn agreed, verbally, to give the acre of ground in controversy to the Baptist church at Mount Zion, in Hardeman county, on condition that they would erect a suitable house for religious worship. A comfortable house for that purpose- was erected and fitted with seats, &c., for use. In 1835, Washburn sold the tract of land upon which the said acre of ground is situated, to one C. J. Beard, reserving the acre aforesaid. Beard, in consideration of Washburn’s said agreement with the church and the fulfilment of the condition aforesaid, executed a bond to the complainants, binding himself to convey said land to them as trustees *338 fox’ the church aforesaid. Soon after this sale, Beard sold the land to one Dandridge, who had notice of complainants right to said acre, Washburn never having conveyed the said land to Beard. By agreement among the parties he made a deed to Dandridge, Beard’s vendee. In the year 1837, Dandridge sold and conveyed the same land to the defendant. There was no reservation of the acre aforesaid, either in Washburn’s deed to Dandridge, or in the deed of Dandi’idge to the defendant. At the time defendant purchased the land, the chui’ch aforesaid wei’e in the habit of using and occupying the house, on said aci’e of land, for religious worship. The'title bond of Beard has been lost, and the defendant refuses to make a deed for the acre of land, and has appropriated the house, seats, &c., to his own use.
1. The first question is, whether there is any sufficient consideration for the agreement on the part of Washburn to make a conveyance for the acre of land in controversy. A valuable consideration is either a benefit to the party promising, ora prejudice, or ti’ouble to the party to whom the promise is made. 2 Kent, 465. The erection of this house in the neighborhood, for religious worship, was a benefit to the party promising, and put those to whom the promise was made to ti’ouble and expense. In either point of view, therefore, there was sufficient consideration.
2. The fact that the title bond was executed by Beard and not by Washburn, can make no difference. Although the contract was originally by parol, yet having afterwards been reduced to writing, it is equally obligatory as though it had been written when first made. 2 Story’s Eq. 57-8.
3. The complainants having acquired an equitable right to enforce this contract as against Washburn and Beard, they have the same equity against every successive vendee with notice of their claim. 2 Story’s Eq. 92, sec. 784.
4. The only question therefore is, whether the defendant is affected with notice. The evidence is, that the people of the neighborhood, constituting the Baptist church at Mount Zion, were in the habit of using this house regularly as a place of religious worship. In Martin & Yerger’s Rep. 58, this court decide, that the possession of a meeting house by the officers of a church for purposes of religious worship, is as much an actual possession as residence on the premises by another individual. And it is settled, that if a person purchase an estate from the owner, knowing it to be in possession *339 of tenants, he is bound to enquire into their estates, and is affected with notice of all the facts in relation thereto. 1 Story’s Eq. 389: 5 John. Ch. Rep. 29.
Let the decree be reversed, and a decree be rendered, declaring the rights of the complainants, and directing that the county surveyor of Hardeman county lay off the said acre of land by metes and bounds, so as to include the meeting house and grave-yard, and report to the next term of this court.