Jarman v. Farley.

7L 141
9L 14
9L 288
16L 579

M. A. JARMAN *et al* v. J. B. FARLEY *et al.*

1. LIEN, VENDOR'S. *Evidence.* It is competent to prove by parol whether or not the lien was waived.

2. INNOCENT PURCHASER. To make the plea of innocent purchaser available, it must be averred and proved that the vendor was in possession, and seized of the title, and that the price was fully paid and conveyance taken before notice, etc.

3. SAME. There can be no innocent purchaser of land from a vendor who was out of possession at the date of the conveyance; and there can be no innocent purchaser of land from one who was not seized of the title.

4. SAME. A conveyance of land in payment of an antecedent debt, does not entitle the grantee to protection as an innocent purchaser.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

WILSON & BEARD for complainants.

C. H. VANCE for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The bill in this case is filed to enforce the vendor's lien for unpaid purchase money of a tract of land sold and conveyed by complainants to defendant Farley, and by him conveyed to his co-defendant Glenn. The chancellor decreed for complainants, and defendant Glenn has appealed.

The land was sold in December, 1872, for $1,980.

A cash payment of $669 was made, and two notes of equal amounts taken for the residue, due at twelve and twenty-four months.

In January, 1875, there was still due a balance of some $450, more or less, upon the last note; and about that time defendant Glenn took a conveyance of the land from his co-defendant Farley, under the following circumstances: Farley had previously contracted to sell the land to one Wallace, and although he had been paid the price, he had made no conveyance to him. Wallace agreed to sell to defendant Glenn, and procured Farley to make the deed directly to Glenn. Glenn, upon the execution of the deed, or just before, paid Wallace the price agreed upon, $3,000, as follows: $1,800 in a stock of goods, and $1,200 in a note which he, Glenn, held on Wallace, and to which Farley was surety. Glenn says, in his answer and deposition, that his contract with Wallace was to pay him the whole $3,000 in goods, but Farley had the title to the land, and refused to convey it unless Wallace would receive in part payment the $1,200 note to which he was surety; and the contract was modified accordingly. At the time of the conveyance by Farley to Glenn, Wallace was in possession of the land, but it does not appear that he had anything more than a verbal contract with Farley. He may have had a title-bond. How this is does not appear.

Under these facts, judgment *pro confesso* being taken against Farley, Glenn only answers.

He insists that one Cummings (who is his father-in-law) signed the notes with him as his surety, and

that the complainants waived the vendor's lien, and pleads and relies upon the defense that he is an innocent purchaser without notice, etc.

Complainants depose that it was distinctly agreed, during the negotiation and at the time of the execution of the deed, that the lien was reserved, and that no proposition was made to give or take other security, and that they did not know that Cummings proposed to sign the notes until he did so; that he (Cummings) in fact was buying, or aiding to buy the place for his son-in-law, and paid the cash payment, etc. It appears from the note exhibited, that it was drawn for signature by one person only, and that Cummings' signature is written above that of Farley, and does not purport to be signed as a surety.

We do not think that Cummings signed the note for the purpose of becoming surety for Farley, and thereby relieving the land from lien for the purchase money. If he were in fact a surety, that would raise a presumption of an intention to waive the lien, but this presumption might be, and we think is rebutted in this case. In his answer, Glenn averred that it was agreed to be waived upon the taking of the security. But this is disproved, and neither Farley nor Cummings is introduced to contradict the evidence of complainants.

We hold, therefore, it was competent to prove, by parol, whether or not the lien was waived, and that the evidence shows it was not.

It was subsisting, then, at the time Glenn took his conveyance, not waived, or expressly retained, by

the recitals in the deed that the purchase money had been paid, or a portion of it was due at a time subsequent to its execution: 3 Baxt., 361, citing 2 Sto. Eq., sec. 1225; 6 Baxt., 342; 3 Pars. Con., 277.

To make the plea of innocent purchaser available, it must be averred and proved that the vendor was in possession and seized of the title, and that the price was fully paid and conveyance taken before notice, etc.

In this case the plea is that "Farley and Wallace" were, at the time of the execution of said deed to Glenn "seized or entitled in fee simple to said tract of land, etc., of which said tract of land said Wallace was in quiet and uninterrupted possession.

The facts are, that Farley, who conveyed to Glenn, had not any possession of the land, and that Wallace, who was in possession, had no title whatever. And "there can be no innocent purchaser of land from a vendor who was out of possession at the date of the conveyance, and there can be no innocent purchaser of land from one who was not seized of the title": 2 King's Dig. (new ed.), p. 1307, citing 2 Yer., 193; 7 Heis., 518.

The title relied on by Glenn is Farley's deed to him January, 1875, when Farley had not possession of the land he conveyed. Wallace's deed, if he had made one, would have been equally ineffectual, because he then had not and never had the title to the land.

Another objection to the defense set up, is that the price was paid to Farley or to Wallace in part by the surrender of Farley's and Wallace's note by

Glenn. A conveyance of land in payment of an antecedent debt does not entitle the grantee to protection as an innocent purchaser: 2 King's Dig., 1307, and cases there cited.

The chancellor's decree will be affirmed.