BREWER *v.* NORMAN *et al.*

*(Nashville,* December Term, 1949.)

Opinion filed March 17, 1950.

C. L. BOYD, of Waynesboro, for plaintiff Brewer.

R. R. HAGGARD, of Waynesboro, for defendant Norman.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The basis of this suit is a claim by a guardian against the estate of her deceased ward. The Claimant and Complainant, Isa Brewer, was the mother and guardian of Ruth Brewer Young, a married woman, who for some time being *non compos mentis,* was a patient at the Central State Hospital. In May 1945, the daughter had

developed tuberculosis and to give her needed care and nursing, the mother had herself appointed guardian under a joint control agreement with the U. S. F. & G. Company, surety on the guardian's bond, and removed the daughter from the hospital to her own home, where until the death of the daughter on November 20, 1945, the mother provided room, board and nursing care for the daughter. The ward's husband was serving in the U. S. Army during this time and as guardian, the mother procured from the U. S. Government an allotment in excess of $2,000. It is the residue of this sum, apparently, which makes up the corpus of the ward's estate against which the present claim is made.

Upon the death of the ward in November 1945, the mother as guardian, filed her settlement in the County Court of Wayne County, and in it, undertook to withhold the sum of $700, which she alleged to be due herself, individually,—for room and board furnished her ward from May to November 1945, the sum of $300, and for nursing care and attention, etc., during the same period of time, the sum of $400. The County Court approved the settlement otherwise, but disallowed the claim and the guardian appealed to the Circuit Court, where the action of the County Court in disallowing the claim, was reversed and *procedendo* issued to the County Court accordingly.

After the death of the ward, the Defendant, Paul E. Norman, was appointed Administrator of her estate, and the Defendant, U. S. F. & G. Company, qualified as surety on the Administrator's bond.

The present bill was filed by the mother, Isa Brewer, individually and as guardian, against Norman as Administrator, and individually, and against the U. S. F. &

G. Company as surety on the Administrator's bond, alleging that the Defendants refused to recognize the *procedendo* from the Circuit Court, refused to countersign a check to herself for the $700 in dispute, and that the Defendant Norman, as Administrator, refused to accept as final settlement, the balance of the ward's estate remaining in the guardian's control after the payment of the $700. The bill seeks (1) to enforce the payment of the Complainant's claim for $700 against the estate of Ruth Brewer Young, deceased, as said claim had been approved by the Circuit Court, (2) to have Complainant's final settlement as guardian, approved and the guardianship finally closed. Other matters and prayers of the bill are not essential to the determination of this appeal.

The Defendants filed a lengthy demurrer to the bill, and after rendering a well considered opinion which has come up with the record and been a great help to this Court, the Chancellor sustained certain grounds of the demurrer and overruled the rest. He sustained the demurrer as to Paul E. Norman, individually and as partner of Norman & Butler, and the demurrer of the surety, U. S. F. & G. Company. There has been no appeal by the Complainant, so those parts of the decree by which the demurrer was sustained, are final, and the only question presented is the propriety of the action of the Chancellor in overruling the demurrer as to Paul E. Norman, Administrator.

So far as the bill shows, the proceeding for settlement by the guardian in the County Court was valid and regular, and from the statements of the bill, it appears that the County Judge took jurisdiction of the settlement as it was presented, and disallowed the guardian's claim for $700 against the ward's estate. Then so far as the

bill shows, the appeal from the County Court to the Circuit Court, and the judgment of reversal in the Circuit Court was valid and regular, as was the *procedendo* to the County Court.

The only plea by the Defendants is a demurrer. In considering this pleading, the facts stated in the bill are taken to be true, and every presumption is to be indulged in favor of the bill. *Robertson* v· *Davis,* 169 Tenn. 659, 677, 90 S. W. 2d 746; *State* v. *Standard Oil Co.,* 120 Tenn. 86, 110 S. W. 565; *Adams* v. *Chattanooga Co.,* 128 Tenn. 505, 519, 161 S. W. 1131; *Green* v. *Officers & Directors of Trust Co.,* 133 Tenn. 609, 182 S. W. 244; *Title Guar. & Trust Co.* v. *Bushnell,* 143 Tenn. 681, 688, 228 S. W. 699, 12 A. L. R. 1512.

In a part of the demurrer which is "speaking" and therefore bad, *Robertson* v. *Davis, supra,* Defendant insists that the settlement proceeding in the County Court and the Circuit Court was had without notice to interested parties and was ex parte and, therefore, that the proceedings in the County and Circuit Courts were void, and Defendant further insists, not that this appears from the bill, but that it was incumbent on Complainant to allege that the proceedings in the County and Circuit Courts were had on notice. This is tantamount to an insistence that the presumption is that Court proceedings are had without due process, when, of course, the contrary is true. On demurrer, unless the bill itself shows that other judicial proceedings were irregular or invalid, the presumption of validity and regularity is conclusive. *Wilkins* v. *McCorkle,* 112 Tenn. 688, 708, 80 S. W. 834; *Reinhardt* v. *Nealis,* 101 Tenn. 169, 172-173, 46 S. W. 446; *Robertson* v. *Winchester,* 85 Tenn. 171, 183-186, 1 S. W. 781; *Hopper* v. *Fisher,* 39 Tenn. 253, 256;

*Kindell et al.* v. *Titus, et al.,* 56 Tenn. 727; *Pope* v. *Harrison,* 84 Tenn. 82. But the proceedings in the Circuit Court and the County Court, in this case, are controlled, as the Chancellor noted, by Code Section 9738, as follows:

"The settlements of personal representatives and guardians, made in the county court in pursuance of law, are to be taken as *prima facie* correct."

■ The judgment of the Circuit Court is not final, but may still be questioned by appropriate pleading and proof. *Leach* v. *Cowan,* 125 Tenn. 182, 140 S. W. 1070, Ann. Cas. 1913C, 188, and other cases there considered.

As the Administrator states in his brief:

". . . the sole question presented by the bill is whether or not the estate of Ruth Brewer Young, deceased, is indebted to complainant in the sum of Seven Hundred Dollars. . . ."

■ At the present point in the litigation we hold only, that without the aid of that part of the demurrer which was "speaking", the bill was not demurrable and the judgment in the Circuit Court, so far as any allegation in the bill goes, was entitled to the presumption of validity. A final determination of "the sole question presented by the bill" can only be made after further pleading and proof.

For the reasons stated, the decree of the Chancellor is affirmed and the cause remanded for further proceedings in accord with this opinion.

All concur.