EURYDICE HENDERSON, Appellant,

*v.*

ROBERT H. LAWRENCE and GEORGE G. NOWLIN, Appellees.

369 S. W. 2d 553.

(*Nashville,* December Term, 1962.)

Opinion filed July 15, 1963.

F. C. SEWELL, Memphis, for appellant.

TAYLOR & TAYLOR, Memphis, for appellees.

MR. JUSTICE WHITE delivered the opinion of the Court.

This case is before us on original bill and demurrer. The appellees say: "The material allegations of appellant's bill must be accepted as the true facts surrounding the controversy." This statement is in keeping with the general purpose of a demurrer, that is, it admits the facts in a bill to be true, but contends such facts do not constitute a cause of action. (See Gibson's Suits in Chancery, 5th Edition, Section 308.)

The facts are that prior to the death of Frank Henderson on March 4, 1911, he owned some real property located in Shelby County, Tennessee. He left surviving him a widow and four children, of whom appellant is one. The widow died in 1930. Two of the children predeceased her and another died in 1934, none of whom left children or descendants of children. Upon the death of these three children the appellant became the owner of the subject

property and has been in continuous possession thereof since 1930.

On February 5, 1953, appellant conveyed said real estate to Vernon Lloyd and wife, Lila Lloyd, by warranty deed recorded in the Register's Office of Shelby County, Tennessee.

On May 9, 1962, Lila Lloyd conveyed said property to Robert H. Lawrence by warranty deed which was duly recorded in said Register's Office.

On July 12, 1962, Lila Lloyd was granted a decree of divorce from Vernon Lloyd and all of the right, title and interest in the subject real estate which Vernon Lloyd may have had was divested out of him and vested in Lila Lloyd. Thereafter, and on or about July 31, 1962 Lila Lloyd executed another warranty deed to Robert H. Lawrence which deed was also put of record. In this deed there was an express provision that the purpose of the execution of this second deed to Lawrence was to confirm and ratify the prior deed executed by her and her then husband to Robert H. Lawrence under date of May 9, 1962.

The original bill charges that the appellant inherited said property, as aforesaid, and that the conveyances were made as aforesaid.

In an amended bill it was charged that Robert H. Lawrence and George G. Nowlin filed a bill in the Chancery Court of Shelby County, Tennessee, in which they made oath that George G. Nowlin was the beneficial owner of said property.

It is further charged in said amended bill that George G. Nowlin, as the beneficial owner of said property, came

to complainant's home on the 24th day of October, 1962 and advised her that he had won the lawsuit and wanted immediate possession of the property in view of the fact that he had employed a man to grade and level the property so that he could begin the construction of houses.

It is charged in the original bill that Vernon Lloyd, one of the named defendants, "approached your complainant with the proposition that he buy the property in question from her on easy terms, and that as a part of the consideration he would provide and maintain a home for * * * (her) during the remainder of * * * (her) life * * *. That your complainant refused to do this, but after much talk and persuasion on the part of the defendant, Vernon Lloyd, agreed to make a will devising the property to him, provided he would repair, remodel the home in which she was living," and maintain a home for her during the remainder of her life giving to the said Vernon Lloyd the privilege of working said land and using the income therefrom for his own use, the property being about twenty-eight acres.

It is further charged that shortly after this conversation took place, said Vernon Lloyd came to complainant's home and took her, Sam Lloyd, who lived with her as her common law husband, and Lila Lloyd to the office of a lawyer who had been employed by Vernon and Lila Lloyd for the purpose of executing a will. It is then charged in the bill:

"That when they arrived at the lawyer's office she attempted to explain what they had in mind; that after some discussion the lawyer drafted a paper and showed her where to sign. That said paper was not read or explained to her in a manner so she could understand

it was a deed to her property and not a will. That it was pointed out where she should sign, which she did, thinking that it was a will carrying out the contract above mentioned.

"That your complainant was not paid one penny when the above paper was signed, and has not received one penny since that date from Vernon and Lila Lloyd.

"That your complainant is a woman with little education and can barely read and write, and suffered a severe head injury when a child.

"That defendant, Vernon Lloyd, did not in any manner fulfill the contract they had entered into regarding a will and the use of said property; that the defendant, Vernon Lloyd, later got into some trouble and left town with another woman and has not been heard from since that date, except in a round about way, and at no time has his address been obtained even though strenuous efforts have been made to locate him."

It is then alleged in the original bill that the complainant has been in possession of said property since the year 1930 and has lived on it continuously since that date, with the exception of one short interval prior to the year 1950 during which time she rented said property and collected the rent therefrom.

She prayed that an injunction issue restraining and prohibiting the defendants from interfering with her possession of the property in question and that the aforesaid deeds and the divesting and vesting of title as set out in the decree of divorce be declared null and void and that they be removed as a cloud on her title to said property.

In the amended and supplemental bill which was filed with leave of the court, it is charged that during the latter part of 1961 the defendants, Robert H. Lawrence and George G. Nowlin, had actual notice prior to the time that Lila Lloyd conveyed the property to Robert H. Lawrence that your complainant claimed the property in question as her own and further that she claimed the deed to Vernon Lloyd and Lila Lloyd was obtained by fraud and without consideration. It is also averred that these defendants had knowledge that she, the complainant, had agreed to make a will devising the property in question to Vernon Lloyd provided he maintained a home for her and Sam Lloyd during the remainder of their lives.

In the prayer in the amended bill an injunction was sought to restrain and prohibit the defendants, Nowlin and Lawrence, from interfering with complainant's possession of the property in question until the final determination of the matters in controversy by the court.

The defendants, Nowlin and Lawrence, filed separate demurrers to the original bill which were treated as demurrers to the bill as amended. Upon the hearing, the Chancellor sustained said demurrers and dismissed complainant's bill as amended.

The court granted a temporary injunction restraining and prohibiting the defendant, George G. Nowlin, from interfering with complainant's possession of the property constituting the subject matter of this suit, pending an appeal by the complainant to this Court and conditioned upon the complainant making an injunction bond in the penal sum of $1,000.00, or upon taking the oath for poor persons as required by law. The issuance of

the injunction was also conditioned upon complainant paying into the registry of the court all rents collected from said property pending determination of the issues raised by this case.

Publication was made for Vernon Lloyd and upon his failure to appear and answer a pro confesso was taken as to him.

The answer filed by Lila Lloyd states:

"This defendant says, however, that it is her intention that the complainant and Sam Lloyd be allowed to live on the property for their lifetime, and that at the time, that this defendant sold the property to George Nowlin, it was understood and agreed that George Nowlin would either repair or remodel the present home, or build a new one for the complainant and Sam Lloyd, and that they would be allowed to remain in said home for their lifetime. However, it was specifically understood that this agreement was not to be in writing and was not to constitute a cloud on the title or lien on the land. The defendant avers that she has a great deal of affection for her father-in-law, Sam Lloyd, and wanted to see to it that he had a place to live for his lifetime."

The defendant further admitted that she went to a lawyer's office with the complainant, Henderson, Vernon Lloyd, and Sam Lloyd, but denied that the complainant went to the lawyer's office for the purpose of executing a will, and she further denies that he had been employed for this purpose, although she does admit that there was some discussion about the matter in the lawyer's office. She denies that complainant signed a paper which was not read or explained to her, but avers on the other hand

that the complainant put on her glasses and read the deed very carefully before she signed it and that she well knew what she was signing when she signed the deed.

Defendant further "denies that the complainant was not paid one penny when the above paper was signed and denies that she has not received one penny since that date from this defendant or her husband, but avers that her husband for some time prior to the execution of the deed, and for some time thereafter, gave money to Sam Lloyd for this property, and avers that this defendant offered the complainant a check for $500.00 in part payment for the property, but that under the direction of the complainant this check was torn up."

It will be remembered that Sam Lloyd is the common law husband of Eurydice Henderson and, of course, has no title to the property in question.

The defendant, Lila Lloyd, also denies that the complainant has been in possession of this property for a period of more than thirty years during which time she had used it as a home and then as to the remainder of the averments in the bills she made general denial thereof.

In the first paragraph of this opinion we set out a statement made by the appellee to the effect that "the material allegations of appellant's bill must be accepted as the true facts surrounding the controversy."

Of course, the appellee merely states the general rule where a demurrer is filed, as in this case. The original bill alleges fraud, charging, among other things, that the signature of the appellant, Eurydice Henderson, to the original deed was obtained by fraud, and that defendant

Lawrence had knowledge of the appellant's claims of fraud at the time he accepted the deed to the property from Lila Lloyd.

As we have said above, the amended and supplemental bill charges that during the later part of the year 1961, prior to the time Lila Lloyd conveyed the property to Robert Lawrence, the defendants, Lawrence and Nowlin, had actual notice that the appellant claimed the property in question as her own, and, further, that she claimed that the deed to Vernon Lloyd and Lila Lloyd had been obtained by fraud and without consideration.

Therefore, when the defendants Lawrence and Nowlin filed demurrers they admitted the truth of these allegations for the sake of action on the demurrers, and, of course, they likewise admitted that the appellant was in possession of the property in question on the date of the conveyance to Lawrence by Lila Lloyd.

█ It is a general rule of procedure that the courts engage in every reasonable presumption in favor of the bill when assailed by a demurrer. Gibson's Suits in Chancery, Volume 1, 5th Edition, Section 324, p. 369; *Jackson v. B. Lowenstein & Brothers*, 175 Tenn. 535, 136 S.W.2d 495; *Brewer v. Norman*, 190 Tenn. 117, 228 S.W.2d 81.

The defendant Lawrence claims that he is an innocent purchaser for value, but at the same time, by filing a demurrer he admits the averments in the original bill and the bill as amended.

█ A bonafide purchaser is one who buys for a valuable consideration without knowledge or notice of facts material to the title. *Otis v. Payne*, 86 Tenn. 663, 8 S.W. 848; *Hewgley v. General Motors Acceptance Corporation*, 39 Tenn.App. 553, 286 S.W.2d 355.

■ It is well established in this State that there can be no innocent purchase of land from a vendor who was out of possession at the date of the conveyance. *Jarman v. Farley,* 75 Tenn. 141; *Nikas v. United Construction Company,* 34 Tenn.App. 435, 239 S.W.2d 41.

■ The appellant, Eurydice Henderson, was in actual possession of the property in question and this alone is sufficient notice to the purchaser to put him on inquiry as to her rights in and to the possession of the property in question. *Provident Life & Accident Insurance Company v. Ivy,* 18 Tenn.App. 106, 73 S.W.2d 706.

In the case of *Nikas v. United Construction Company,* supra, it was held that the purchaser of a lot which had a wall encroaching eleven inches over the boundary line at the time of purchase was not an innocent purchaser.

In the case of *Macon v. Sheppard,* 21 Tenn. 335, 338, one acre of land was regularly occupied by a church. The congregation had been promised a deed but same had never been executed and the vendee of the entire tract of which this was a part claimed he had no notice. The Court said:

"And it is settled that if a person purchases an estate from the owner, knowing it to be in possession of tenants, he is bound to inquire into their estates, and is affected with notice of all the facts in relation thereto."

And in the case of *Walgreen Company v. Walton,* 16 Tenn. App. 213, 221, 64 S.W.2d 44, 48, the Court said:

"Where the lessee is in possession, the purchaser takes subject to the lease."

■ In the instant case, the averments in the original and amended bills are that the appellant, original com-

plainant, was in actual possession of the property in question and that the defendant Lawrence knew of this possession, and knew also that the appellant claimed that the defendants, Lila Lloyd and her husband, had obtained title to the property through fraudulent means.

Therefore, it cannot be said that Lawrence was an innocent purchaser. That is, that he was innocent of the claims made by Eurydice Henderson.

The Chancellor dismissed this bill on demurrer believing of course, that it was proper for him to do so, and, therefore, he did not take into consideration the admissions filed in the answer by the defendant, Lila Lloyd. We believe that the averments of fraud, as set out in the original and amended bills, if true, are of a rather serious nature and that full consideration should be, and we are sure they will be, given to them by the Chancellor upon remand. All other questions are pretermitted and may they never arise after a hearing on the merits of this case.

Therefore, this case is reversed and remanded for further proceedings not inconsistent with this opinion.