IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 22, 2013 Session

## PATELCO CREDIT UNION v. CHRIS E. DUTTON

**Appeal from the Circuit Court for Hamilton County**
**No. 11C1378     W. Jeffrey Hollingsworth, Judge**

**No. E2012-01225-COA-R3-CV-FILED-FEBRUARY 21, 2013**

This is one of three cases consolidated for oral argument. In each case, the following happened: (1) the borrower defaulted on his or her home loan and the lender foreclosed by non-judicial action, a procedure authorized by the deed of trust; (2) the purchaser at the trustee's sale sought possession through an unlawful detainer action; (3) the borrower filed a counterclaim asserting that the non-judicial foreclosure process violates the Tennessee Constitution and is against public policy; and (4) the trial court dismissed the counterclaim and granted possession to the purchaser following a bench trial. The borrower appeals. We affirm the judgment of the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Whitney Durand, Chattanooga, Tennessee, for the appellant, Chris E. Dutton.

Richard T. Klinger, Chattanooga, Tennessee, for the appellee, Patelco Credit Union.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Alexander S. Rieger, Assistant Attorney General, General Civil Division, Nashville, Tennessee, for the intervener, Tennessee Attorney General.

# OPINION

## I.

This case is different from the other two consolidated cases, ***CitiMortgage, Inc. v. Drake***, No. E2012-00722-COA-R3-CV (Tenn. Ct. App. E.S.) and ***Federal National Mortgage Association v. Frierson***, No. E2012-00715-COA-R3-CV (Tenn. Ct. App. E.S), (the opinions in which two cases are being filed contemporaneous with this opinion), in that the detainer action in the instant case went to trial. The purchaser in foreclosure, Patelco, was granted possession after a trial on the merits.

With a few exceptions as to the amount owed; the timing of the default, notice, and sale; and the names of the debtors, the lender, and the purchaser; the facts in this case are substantially the same as in ***Drake*** and ***Frierson***. The power of sale clause in the deed of trust contains language that is identical to that in ***Drake*** and ***Frierson***. The same arguments are made in this case as were made by the same attorney who represented the borrowers in ***Drake*** and ***Frierson***, *i.e.*, that the private "foreclosure process" is unconstitutional and in violation of public policy. We find no merit in the constitutional and public policy challenges for the same reasons we found no merit to those arguments in ***Drake*** and in ***Frierson***. Accordingly, consistent with our decisions in those two cases, we hold that the trial court in the present case did not err in dismissing the borrower's counterclaim challenging the constitutionality of the foreclosure and asserting that the foreclosure sale was in violation of public policy.

## II.

After hearing the proof, the court found that Mr. Dutton in fact defaulted under the note and deed of trust. The court further specifically found that the foreclosure was conducted in compliance with the deed of trust.

> . . . In fact, there has been proof of a valid foreclosure on this property, assuming for the sake of argument that [the notice of acceleration came after the fact] . . . then it goes on in this letter of March 11, which is Exhibit 5, and other letters, to tell him, to tell Mr. Dutton what he needs to do to keep foreclosure from occurring.
>
> Mr. Dutton says he did not get some of these letters, but under the terms of paragraph 15 of the deed of trust, notice is effective upon mailing, and so when it's mailed, . . . then Patelco had

complied with the requirements of the deed of trust just by mailing.

I find that all notices were given as required. The publication was done as required in the Times Free Press, notification of the sale, and in fact, the evidence is that there was a postponement of the sale, . . . [attorney] Epstein, on Mr. Dutton's behalf, asked that it be postponed, and that request was granted, . . . so that indicates, certainly, that they knew it was going to happen. They're not going to ask that something be postponed if they don't know it's going to happen.

In regard to the interrogatory response indicating Fannie Mae may have had the note at some point, that interrogatory response does say repurchased in February of . . . 2011, if I've got the year right. There's no doubt under this evidence that Patelco was the first holder of the note; therefore, they would have had to have been the one to repurchase it in February. Even if it was at some point endorsed or in some other way transferred to Fannie Mae, by the time foreclosure proceedings occurred, according even to that evidence, it was back in possession of Patelco.

In the judgment, the court further addressed the

major contention of the Defendant Dutton . . . that [Patelco] failed to produce the original note at trial and, therefore, failed to prove that it was the "Lender" under the Deed of Trust entitled to authorize foreclosure. . . . Patelco claims that the original Note has been lost. The concern expressed by Defendant Dutton was that there was an unknown third party who was the holder of the Note who would be entitled to enforce the Note. Based upon the evidence presented, the Court finds that the Plaintiff Patelco is the "Lender" entitled to foreclosure under the Deed of Trust.

### III.

On appeal, Mr. Dutton contends, as he did in the trial court, that he did not receive notice of acceleration of the debt and that Patelco cannot enforce the deed of trust without

producing the original note. We are not persuaded. The actual issue, regardless of how it is phrased by the parties, is whether, based upon a de novo review of the record, the evidence preponderates against the findings of fact made by the trial court after hearing the evidence. *Allstate Ins. Co. v. Tarrant*, 363 S.W.3d 508, 515 (Tenn. 2012); Tenn. R. App. P. 13(d).

We have reviewed the full record. We hold that the evidence does not preponderate against the trial court's findings with regard to the notice of acceleration and Patelco's legal possession of the note. These findings, in our view, are dispositive. None of the cases Mr. Dutton relies upon involve such findings of fact. In fact, in *CitiFinancial Mortgage Co. v. Beasley*, No. W2006-00386-COA-R3-CV, 2007 WL 77289 at *8 (Tenn. Ct. App. W.S., filed Jan. 11, 2007), this Court specifically held that whether the debtor received notice of a right to cure in compliance with the deed of trust was an issue for trial. Based on the trial court's findings, Patelco was entitled to possession of the subject property as the purchaser in foreclosure.

IV.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Chris E. Dutton. This case is remanded, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE

-4-