IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 2, 2020

## WORLDWIDE PROPERTY HUB LLC v. LORETTA E. LEAGUE

Appeal from the Circuit Court for Shelby County
No. CT-3987-19     Rhynette N. Hurd, Judge
_____

### No. W2020-00605-COA-R3-CV
_____

Appellee purchased real property at foreclosure and filed this forcible entry and detainer action seeking possession.  Appellee received a judgment for possession in the general sessions court, and Appellant, the former owner of the property, petitioned for de novo review in the Circuit Court for Shelby County.  Appellee filed a motion for summary judgment; Appellant filed no response to the motion and no countervailing statement of undisputed material facts.  On the undisputed facts, Appellee is the bona fide purchaser for value of the property and has good title pursuant to the "Substitute Trustee's Deed." The trial court granted summary judgment in favor of Appellee, granting it immediate possession of the Property.  Discerning no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Loretta E. League, Bartlett, Tennessee, appellant, pro se.

Mark Cantora and Bruce L. Feldbaum, Memphis, Tennessee, for the appellee, Worldwide Property Hub, LLC.

### OPINION

On August 8, 2019, Appellee Worldwide Property Hub, LLC ("Worldwide") purchased property located at 3947 Tonya Marie Lane, Bartlett, Tennessee 38135 (the "Property") at a foreclosure sale.  The "Substitute Trustee's Deed" provides, in relevant part, that

on August 8, 2019; in Memphis, Tennessee, the undersigned offered said [Property] . . . for the sum of $190,800.00 . . . [and] in consideration of the premises and the payment by Worldwide Property Hub of the sum of money so paid, receipt of which is hereby acknowledged, the undersigned Successor Trustee does hereby grant, bargain, sell, and convey to the said Worldwide Property Hub, LLC.

On or about August 14, 2019, Worldwide filed a detainer action in the Shelby County General Sessions Court against the former owner, Appellant Loretta E. League. On August 22, 2019, the general sessions court entered an order of possession in favor of Worldwide, and Worldwide recorded its deed on the same day. Ms. League appealed to the Circuit Court for Shelby County ("trial court").

On January 31, 2020, Worldwide filed a motion for summary judgment in the trial court, along with its statement of undisputed material facts in support thereof. Ms. League filed no response to the motion and no countervailing statement of undisputed material facts. By order of March 16, 2020, the trial court adopted Worldwide's undisputed statement of material facts and granted summary judgment in its favor. The trial court's order states, in relevant part, that:

> [p]ursuant to Rule 56.03 of the Tennessee Rule 56.03 of the Tennessee Rules of Civil Procedure, the statement of facts, which have not been disputed and which are therefore accepted in their entirety by the court, set forth that the Plaintiff was a good-faith bonafide purchaser for value of the [Property] at a foreclosure sale held on or about August 8, 2019, and that the Plaintiff has good and superior title and is entitled to possession of the premises . . . .

Ms. League appeals. At the outset, we note that Ms. League is representing herself in this appeal. It is well settled that a parties who represent themselves are entitled to equal treatment by the court. *See* **Murray v. Miracle**, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). The court should consider that many *pro se* litigants have no legal training and little familiarity with the judicial system. *Id.* However, the courts must also be mindful of the boundary between fairness to the *pro se* litigant and unfairness to the *pro se* litigant's adversary. *Id.* While the court should give *pro se* litigants, who are untrained in the law, a certain amount of leeway in drafting their pleadings and briefs, it must not excuse *pro se* litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. **Lacy v. Mitchell**, No. M2016-00677-COA-R3-CV, 2016 WL 6996366, at *2 (Tenn. Ct. App. Nov. 30, 2016), *perm. app. denied* (Tenn. Feb. 24, 2017) (citing **Hessmer v. Hessmer**, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).

Here, Ms. League states three issues in her appellate brief:

1. Was the detainer warrant removed from the General Sessions Court to the proper venue the District Court before the default judgment given in General Sessions Court and the subsequent judgment for summary judgment given in the Circuit Court?

2. Does Worldwide Property Hub LLC or any of its agents have consent from Loretta E. League or the express permission of a court of competent jurisdiction to communicate with third parties?

3. Whether the trial court abused its discretion by allowing this mortgage fraud/scheme to continue after being notified of error of General Sessions failure to remove filing to the District Court.

Respectfully, Ms. League's statement of the issues exceeds the scope of our review as the questions urged were not specifically raised or addressed by the trial court. It is well settled that "[i]ssues raised for the first time on appeal are waived." **Black v. Blount**, 938 S.W.2d 394, 403 (Tenn. 1996). Based on the record of the trial court, we conclude that there is one dispositive issue: Whether the trial court erred in granting Worldwide's motion for summary judgment.

A trial court's decision to grant a motion for summary judgment presents a question of law. Therefore, our review is *de novo* with no presumption of correctness afforded to the trial court's determination. **Bain v. Wells**, 936 S.W.2d 618, 622 (Tenn. 1997). This Court must make a fresh determination that all requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. **Abshure v. Methodist Healthcare Memphis Hosps.**, 325 S.W.3d 98, 103 (Tenn. 2010). When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. In reviewing the record, "[c]ourts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonably inferences in the nonmoving party's favor." **Staples v. CBL & Assocs., Inc.,** 15 S.W.3d 83, 89 (Tenn. 2000). "If both the facts and conclusions to be draw therefrom permit a reasonable person to reach only one conclusion, then summary judgment is appropriate." **Seavers v. Methodist Med. Ctr. of Oak Ridge**, 9 S.W.3d 86, 91 (Tenn. 1999).

Tennessee Rule of Civil Procedure 56.03 requires the moving party to support its motion with "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." The Rule further states that

[a]ny party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary

judgment only, or (iii) demonstrating that the fact is disputed . . . . In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Tenn. R. Civ. P. 56.03.

In ***Holland v. City of Memphis***, 125 S.W.3d 425 (Tenn. Ct. App. 2003), *perm. app. denied* (Tenn. Dec. 22, 2003), this Court explained:

> Courts consistently have emphasized that a party opposing a motion for summary judgment may not simply rest on its pleadings, but must affirmatively oppose the motion. Such opposition may be made by pointing to the evidence in the record which indicates disputed material facts. Rule 56.03 requires that a party opposing a motion for summary judgment must serve and file a response to the motion.
>
> The statements of material facts submitted by the parties on a motion for summary judgment are "intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own" . . . . Thus the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party. Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal.

***Holland***, 125 S.W.3d at 428 (citations omitted); *see also* ***Sumner County v. Small-Hammer***, No. M2017-02328-COA-R3-CV, 2018 WL 2438205 at *4 (Tenn. Ct. App. May 30, 2018) (reiterating that "failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal.").

As noted above, Ms. League filed no response to Worldwide's motion for summary judgment and, specifically, did not object to Worldwide's statement of undisputed material facts. As such, the trial court properly accepted Worldwide's statement of undisputed facts "in [its] entirety" for purposes of summary judgment. Worldwide's statement of undisputed material facts provides:

1. The Plaintiff acquired title to the property located at 3947 Tonya Marie Lane, Bartlett TN 38105 at foreclosure sale of the property which was held on or about August 8, 2019, at which time the Plaintiff was the successful bidder for the said property.

2.     That upon the passing of the sum of $190,800.00 to the Substitute Trustee and/or the foreclosing party, which was the consideration necessary to consummate the said bid of the Plaintiff, a Substitute Trustee's Deed was delivered transferring title to the Plaintiffs, which Deed was thereafter recorded [as] Instrument No. 18068682 [at] the Register's Office of Shelby County, Tennessee, a copy of said Substitute Trustee's Deed being attached to the Motion for Summary Judgment and incorporated herein by reference to the same extent as if set out herein verbatim.

3.     That as the bonafide purchaser for value of the property in good faith and with the exchange of good and valuable consideration and without any knowledge or cause to be aware of any defenses or claims which could be made against the title to the said property, the Plaintiff field a Forcible Entry and Detainer Warrant in the Shelby County General Sessions Court under Docket No. 2007562 which resulted in judgement for possession of the property being entered in favor of the Plaintiff.

Having adopted the foregoing undisputed facts, as set out in its March 1, 2020 order, *supra,* the trial court granted Worldwide's motion for summary judgment on the ground that Worldwide "was a good-faith bona fide purchaser for value of the [Property] at a foreclosure sale . . . and that [Worldwide] has good and superior title and is entitled to possession of the premises." A bona fide purchaser is "one who buys for a valuable consideration without knowledge or notice of facts material to the title." **Henderson v. Lawrence**, 369 S.W.2d 553, 556 (Tenn. 1963) (citations omitted). Here, the foregoing undisputed facts and the "Substitute Trustee Deed," which was filed in support of the motion for summary judgment, clearly show that Worldwide was a bona fide purchaser for value, having tendered $190,800.00 for the Property at the foreclosure sale. As such, Worldwide received and subsequently recorded its "Substitute Trustee Deed." It is well settled that "[o]nce a deed of trust foreclosure sale is complete, the sale and the trustee's deed have the effect of divesting the title of the deed of trust grantor and vesting it in the purchaser." 55 Am. Jur. 2d Mortgages § 536.

Despite some of the arguments in Ms. League's brief, in this forcible entry and detainer action, we are not concerned with any dispute concerning the validity of the foreclosure sale or the validity of the "Substitute Trustee Deed." As the undisputed bona fide purchaser for value at the foreclosure sale, Worldwide received good title to the Property under the "Substitute Trustee Deed" and was entitled to immediate possession of the Property under that deed. **Patelco Credit Union v. Dutton**, 413 S.W.3d 75, 77 (Tenn. Ct. App. 2013), *perm. app. denied* (Tenn. Aug. 14, 2013) (holding that purchaser of real property at a foreclosure sale "was entitled to possession of the subject property as the purchaser in foreclosure.").

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion.

Costs of the appeal are assessed to the Appellant, Loretta E. League.  Because Ms. League is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.


      /s Kenny Armstrong       
KENNY ARMSTRONG, JUDGE